895 F.2d 1420
 15 U.S.P.Q.2d 1194
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SONOCO PRODUCTS COMPANY, Plaintiff-Appellee,
v.
MOBIL OIL CORPORATION, Defendant-Appellant.
 No. 89-1464.
 United States Court of Appeals, Federal Circuit.
 Jan. 9, 1990.
Rehearing Denied Feb. 7, 1990.
 
 Before FRIEDMAN, Senior Circuit Judge,* PAULINE NEWMAN and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The judgment of the United States District Court for the District of South Carolina is affirmed insofar as it held that the appellee, Sonoco Products Company (Sonoco), had not infringed claims 11 and 21 of U.S. Patent No. 4,544,192 owned by the appellant, Mobil Oil Corporation (Mobil). It is vacated insofar as it held that the two claims are invalid.
 
 OPINION
 
 2
 * The patent involved in this case ("the Benoit patent" or "the '192 patent") covers a thermoplastic bag with integral handles that is used as a grocery bag. The critical language of the claims is:
 
 
 3
 ... the closure thereof being ... 4 two-film gusset-to-wall heat seals and 1 two-film front wall-to-back wall heat seal when said bottom is at least approximately a rectangle having unequal length and width dimensions.
 
 
 4
 The only difference between Sonoco's allegedly infringing bag and the bag described in those claims is, as the district court stated, that "the Sonoco bag, which has a rectangular bottom, contains and relies upon 2 four-film seals in addition to the recited 5 two-film seals for its closure." Sonoco Prods. Co. v. Mobil Oil Corp., Civ.A. No. 4:87-2874-2, slip op. at 22, concl. of law U (D.S.C. Apr. 5, 1989). The district court held that the word "being" in the claims restricted them to the elements listed and that the Sonoco bag therefore did not infringe because it contains the two four-film seals. We agree.
 
 II
 
 5
 A. "When the meaning of key terms of claims is disputed, ... extrinsic evidence may be adduced including testimony of witnesses, and reference may be had to the specification, the prosecution history, prior art, and other claims." Tandon Corp. v. U.S. Int'l Trade Comm'n, 831 F.2d 1017, 1021, 4 USPQ2d 1283, 1286 (Fed.Cir.1987). Here the issue is whether the word "being" means "comprising," a term that covers steps, elements or materials in addition to those the claim specifies, In re Baxter, 656 F.2d 679, 686, 210 USPQ 795, 802 (CCPA 1981), or means "consisting of" or "consisting essentially of," terms that limit the claims to the specified steps, elements or materials and those that do not materially affect the basic and novel characteristics of the invention, In re Herz, 537 F.2d 549, 551-52, 190 USPQ 461, 463 (CCPA 1976). See also Water Technologies Corp. v. Calco Ltd., 850 F.2d 660, 666, 7 USPQ2d 1097, 1102 (Fed.Cir.), cert. denied, --- U.S. ----, 109 S.Ct. 498 (1988).
 
 
 6
 After considering the prior art, the specification, and the prosecution history, the district court determined that the word "being" was more like the term "consisting of" or "consisting essentially of" than like the term "comprising." See Mobil v. Sonoco, slip op. at 22-23, concl. of law U-W. The record supports this determination that the claim language is limiting. It therefore follows that the district court's finding of no literal infringement stands.
 
 
 7
 B. The prosecution history of the Benoit patent not only supports the district court's interpretation of the claims, but also answers Mobil's contention that even if it had not shown literal infringement, it proved infringement under the doctrine of equivalents. Before the Patent and Trademark Office, Mobil distinguished a prior art reference that had substantially the same bottom as the Sonoco bag, on the ground that that reference had "an extra heat seal" at the bottom of the bag. See slip op. at 9, finding of fact 16. Since claims may not be construed one way to obtain allowance and in a contrary way to show infringement, Autogiro Co. of Am. v. United States, 384 F.2d 391, 398-99, 155 USPQ 697, 703-04 (Ct.Cl.1967), Mobil cannot assert its broader interpretation of the claims to prove infringement under the doctrine of equivalents. Moreover, it is far from clear that Mobil argued equivalents in the district court. The district court's failure to discuss the equivalents issue in its opinion is not ground for reversal.
 
 III
 
 8
 In view of our affirmance of the district court's finding of no infringement, it is unnecessary to consider the court's holding that the claims are invalid. Accordingly, the latter holding is vacated.
 
 COSTS
 
 9
 Costs to the plaintiff-appellee.
 
 
 
 *
 Judge Friedman took senior status on November 1, 1989